# EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 09 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

12/20   11:05 AM
Tom Espin. 30

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

3M COMPANY (See Additional Parties Attachment)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DENNIS HELLERVIK and THO HELLERVIK

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER: *(Número del Caso):* |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* | BC 474978 |

Los Angeles Superior Court - Central District
111 North Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Eric L. Brown, Esq., 10990 Wilshire Boulevard, Suite 1060, Los Angeles, CA 90024, Phone: 310-575-9955

| DATE: *(Fecha)* DEC 09 2011 JOHN A. CLARKE CLERK | Clerk, by *(Secretario)* Shaunya Wesley | , Deputy *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

   Phelphs-Dodge Corporation dka Phelps-

3. ☒ on behalf of *(specify):* Dodge Industries, Inc, aka Phelps-Dodge
   Wire & Cable

   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)         ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.

SUM-200(A)

| SHORT TITLE:<br>Hellervick vs. 3M Company, et al. | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

[ ] Plaintiff   [✓] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

3M COMPANY;
CBS CORPORATION, F/K/A VIACOM, INC., SUCCESSOR BY MERGER TO CBS CORPORATION F/K/A WESTINGHOUSE ELECTRIC CORPORATION;
Crown Cork & Seal USA, Inc., INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO MUNDET CORK COMPANY;
DAP, INC.;
Eaton Corporation individually and as successor in interest to Cutler-Hammer, Inc.;
ERICSSON, INC. (Individually and as successor in interest to Anaconda Wire and Cable Company and Continental Wire and Cable Company);
GENERAL CABLE COPORATION ;
GENERAL ELECTRIC COMPANY ;
Georgia-pacific LLC, F/K/A GEORGIA PACIFIC CORPORATION, SUCCESSOR IN INTEREST TO BESTWELL GYPSUM COMPANY ;
HONEYWELL INTERNATIONAL INC., INDIVIDUALLY AND AS SUCCESSOR INTEREST TO ALLIED SIGNAL, INC. AND BENDIX CORPORATION   ;
Kaiser Gypsum Company, Inc.   ;
KELLY-MOORE PAINT COMPANY, INC. ;
MECHANICAL DRIVES & BELTING, f/k/a L.A. Rubber Company  ;
METALCLAD INSULATION CORPORATION ;
Owens-Illinois, Inc., INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO OWENS ILLINOIS GLASS COMPANY AND D/B/A O-I ;
PARKER HANIFFIN CORPORATION, individually and as successor in interest to Sacoma Sierra Company ;
PHELPS-DODGE CORPORATION a/k/a PHELPS-DODGE INDUSTRIES, INC. a/k/a PHELPS-DODGE WIRE & CABLE ;
ROCKWELL AUTOMATION, INC. (Individually and as successor in interest to Allen Bradley Company) ;
SCHNEIDER ELECTRIC INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO SQUARE D COMPANY, INC. ;
SOCO WEST, INC., f/k/a Brenntag West, Inc., f/k/a Soco-Lynch Corporation, f/k/a Soco-Western Chemical Corporation, f/k/a Stinnes-Western Chemical Corporation ;

and DOES 1-300

Page 1 of 1

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Hellervick vs. 3M Company, et al. | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL  20   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**
>
> 1. Class Actions must be filed in the County Courthouse, Central District.
> 2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
> 3. Location where cause of action arose.
> 4. Location where bodily injury, death or damage occurred.
> 5. Location where performance required or defendant resides.
> 6. Location of property or permanently garaged vehicle.
> 7. Location where petitioner resides.
> 8. Location wherein defendant/respondent functions wholly.
> 9. Location where one or more of the parties reside.
> 10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☑ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br><br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Hellervick vs. 3M Company, et al. | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | | |
| Professional Negligence (25) | ☐ A6017   Legal Malpractice | 1., 2., 3. |
| | ☐ A6050   Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025   Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037   Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024   Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109   Labor Commissioner Appeals | 10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008   Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019   Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002   Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012   Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015   Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009   Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031   Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027   Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300   Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023   Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018   Mortgage Foreclosure | 2., 6. |
| | ☐ A6032   Quiet Title | 2., 8. |
| | ☐ A6060   Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021   Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020   Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022   Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Hellervick vs. 3M Company, et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

| SHORT TITLE:<br>Hellervick vs. 3M Company, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>MECHANICAL DRIVES & BELTING (f/k/a L.A.<br>Rubber Company)<br>2915 East Washington Boulevard |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90023 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: ___December 9, 2011___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Eric Brown, Esq. (SBN 229622)<br>DEBLASE BROWN EYERLY LLP<br>10990 Wilshire Boulevard, Suite 1060<br>Los Angeles, California 90024<br>TELEPHONE NO.: 310-575-9955    FAX NO.: 310-575-9919<br>ATTORNEY FOR *(Name):* Plaintiff, Dennis Hellervik, et al. | **CONFORMED COPY**<br>**OF ORIGINAL FILED**<br>Los Angeles Superior Court<br><br>DEC 09 2011<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>SHAUNYA WESLEY |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| STREET ADDRESS: 111 North Hill Street |
| MAILING ADDRESS: 111 North Hill Street |
| CITY AND ZIP CODE: Los Angeles, 90012 |
| BRANCH NAME: Stanley Mosk Courthouse |

| CASE NAME:<br>Dennis Hellervick, et al. vs. 3M Company, et al. | |
|---|---|

| **CIVIL CASE COVER SHEET** | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | BC 474978<br>JUDGE: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [✓] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

   BY FAX

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* 4:1) Negligence 2) Products Liability 3) Premises/Owner/Contract Liability
5. This case [ ] is  [✓] is not  a class action suit.   4) Loss of Consortium
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 9, 2011

Eric L. Brown, Esq. (SBN 229622)
_____(TYPE OR PRINT NAME)_____    ►_____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc. |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
     Asbestos Property Damage
     Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
     Medical Malpractice– Physicians & Surgeons
     Other Professional Health Care Malpractice
Other PI/PD/WD (23)
     Premises Liability (e.g., slip and fall)
     Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
     Intentional Infliction of Emotional Distress
     Negligent Infliction of Emotional Distress
     Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
     Legal Malpractice
     Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
     Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
     Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
     Negligent Breach of Contract/ Warranty
     Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
     Collection Case–Seller Plaintiff
     Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
     Auto Subrogation
     Other Coverage
Other Contract (37)
     Contractual Fraud
     Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
     Writ of Possession of Real Property
     Mortgage Foreclosure
     Quiet Title
     Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
     Writ–Administrative Mandamus
     Writ–Mandamus on Limited Court Case Matter
     Writ–Other Limited Court Case Review
Other Judicial Review (39)
     Review of Health Officer Order
     Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
     Abstract of Judgment (Out of County)
     Confession of Judgment *(non-domestic relations)*
     Sister State Judgment
     Administrative Agency Award *(not unpaid taxes)*
     Petition/Certification of Entry of Judgment on Unpaid Taxes
     Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
     Declaratory Relief Only
     Injunctive Relief Only *(non-harassment)*
     Mechanics Lien
     Other Commercial Complaint Case *(non-tort/non-complex)*
     Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
     Civil Harassment
     Workplace Violence
     Elder/Dependent Adult Abuse
     Election Contest
     Petition for Name Change
     Petition for Relief From Late Claim
     Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 09 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

1  Eric Brown (SBN 229622)
   email: brown@dbelegal.com
2  Michael C. Eyerly (SBN 178693)
   email: eyerly@dbelegal.com
3  Stephen T. Blackburn (SBN 232887)
   email: blackburn@dbelegal.com
4  DEBLASE BROWN EYERLY LLP
   10990 Wilshire Boulevard, Suite 1060
5  Los Angeles, CA 90024
   Telephone: (310) 575-9955
6  Facsimile: (310) 575-9910

7

   Attorneys for Plaintiffs
8  Dennis Hellervick and Tho Hellervick

9

10            SUPERIOR COURT OF THE STATE OF CALIFORNIA

11              FOR THE COUNTY OF LOS ANGELES

12

13  DENNIS HELLERVIK AND THO                 )  CASE NO.     B C 4 7 . 4 9 7 8
    HELLERVICK,                              )
14                                           )
                                             )
15            Plaintiffs,                     )
                                             )  ORIGINAL COMPLAINT FOR
16       vs.                                  )  PERSONAL INJURIES
                                             )
17  3M COMPANY;                              )  1. Negligence
    CBS CORPORATION, F/K/A VIACOM,           )  2. Products Liability
18  INC., SUCCESSOR BY MERGER TO CBS         )  3. Premises Owner/Contractor Liability
    CORPORATION F/K/A WESTINGHOUSE           )  4. Loss of Consortium
19  ELECTRIC CORPORATION;                    )
    Crown Cork & Seal USA, Inc.,             )  [ASBESTOS]
20  INDIVIDUALLY AND AS SUCCESSOR IN         )
    INTEREST TO MUNDET CORK                  )
21  COMPANY;                                 )  BY FAX
    DAP, INC. ;                              )
22  Eaton Corporation individually and as    )
    successor in interest to Cutler-Hammer,  )
23  Inc.;                                    )
    ERICSSON, INC. (Individually and as
24  successor in interest to Anaconda Wire
    and Cable Company and Continental Wire
25  and Cable Company) ;
    GENERAL CABLE CORPORATION ;
26  GENERAL ELECTRIC COMPANY ;
    Georgia-pacific LLC, F/K/A GEORGIA
27  PACIFIC CORPORATION, SUCCESSOR
    IN INTEREST TO BESTWELL GYPSUM
28  COMPANY ;
    HONEYWELL INTERNATIONAL INC.,

                                    -1-

1   INDIVIDUALLY AND AS SUCCESSOR
    INTEREST TO ALLIED SIGNAL, INC.
2   AND BENDIX CORPORATION   ;
    Kaiser Gypsum Company, Inc. ;
3   KELLY-MOORE PAINT COMPANY, INC. ;
    MECHANICAL DRIVES & BELTING, f/k/a
4   L.A. Rubber Company  ;
    METALCLAD INSULATION
5   CORPORATION  ;
    Owens-Illinois, Inc., INDIVIDUALLY AND
6   AS SUCCESSOR IN INTEREST TO
    OWENS ILLINOIS GLASS COMPANY
7   AND D/B/A O-I ;
    PARKER HANIFFIN CORPORATION,
8   individually and as successor in interest to
    Sacoma Sierra Company ;
9   PHELPS-DODGE CORPORATION a/k/a
    PHELPS-DODGE INDUSTRIES, INC.
10  a/k/a PHELPS-DODGE WIRE & CABLE ;
    ROCKWELL AUTOMATION, INC.
11  (individually and as successor in interest to
    Allen Bradley Company) ;
12  SCHNEIDER ELECTRIC INDIVIDUALLY
    AND AS SUCCESSOR IN INTEREST TO
13  SQUARE D COMPANY, INC.   ;
    SOCO WEST, INC., f/k/a Brenntag West,
14  Inc., f/k/a Soco-Lynch Corporation, f/k/a
    Soco-Western Chemical Corporation, f/k/a
15  Stinnes-Western Chemical Corporation ;
    and DOES 1-300
16

17                    Defendants.

18

19

20          COME NOW Plaintiffs DENNIS HELLERVIK AND THO HELLERVIK for causes of

21  action against Defendants, and each of them, complain and allege as follows:

22

23                          **GENERAL ALLEGATIONS**

24          1.     This case is being brought by DENNIS HELLERVIK and THO HELLERVIK as

25  a result of DENNIS HELLERVIK having been diagnosed with an asbestos-related disease

26  caused by exposure to asbestos.  Throughout this complaint use of the term "Plaintiff"

27  shall, where appropriate, mean both DENNIS HELLERVIK and THO HELLERVIK unless

28  the context of its use clearly means one or the other.

            2.     Asbestos litigation has long been designated complex in Los Angeles County

                                        -2-          file:W:\Clients\Hellervik, Dennis\CSE D\Word Docs\3  Pleadings\Complaint _ HELLERVIK LA.wpd

1  for several historical reasons, including the number of parties, the length, duration and

2  complexity of anticipated deposition testimony of fact, lay and expert witnesses, the

3  wide-ranging medical issues that may or may not be involved, the complexity of industrial

4  hygiene and governmental regulations that may or may not be involved, and the

5  anticipated proportionate amount of economic, non-economic and punitive damages

6  sought for plaintiff's anticipated death and the loss of consortium for his dependants.

7        3.      The average life expectancy of a patient diagnosed with a severe

8  asbestos-related disease (lung cancer) is extremely short.  Some patients diagnosed with

9  such disease only live weeks or months following their diagnosis.  Further, as their

10  diseases progress, their prognosis slowly worsens such that their ability to participate in

11  trial may diminish drastically.  Often, Plaintiff in these cases must present videotaped

12  deposition testimony taken at the outset of their cases, as their medical condition has

13  worsened so severely that even traveling a few miles to the courthouse is impossible.

14  Plaintiff in such cases routinely bring motions for trial preference and often stipulate to

15  expedited and/or shortened time periods for responsive pleadings in order to permit the

16  granting of trial dates in less than 120 days.

17        4.      In this matter, Plaintiff DENNIS HELLERVIK was diagnosed with lung cancer

18  on or about December 9, 2011. Because of Plaintiff's work history, and the numerous

19  asbestos products to which he is alleged to have been exposed, Plaintiff have named

20  numerous manufacturers of asbestos products, premises owners, contractors, and

21  suppliers of asbestos products and fibers as Defendants.

22        5.      The true names and/or capacities, whether individual, corporate, associate,

23  governmental, or otherwise, of Defendants DOES 1 through 300, inclusive, are unknown to

24  Plaintiff at this time; who, therefore, sue said Defendants by such fictitious names; and

25  when the true names and capacities of said Defendants have been ascertained, Plaintiff

26  will amend this complaint accordingly. Plaintiff are informed and believe, and thereon

27  allege that each Defendant designated herein as a DOE is responsible, negligently or in

28  some other actionable manner, for the events and happenings hereinafter referred to, and

ORIGINAL COMPLAINT [ASBESTOS PERSONAL INJURY]

1 | caused injuries and damages proximately thereby to Plaintiff, as hereinafter alleged, either

2 | through said Defendant's own conduct or through the conduct of its agents, servants or

3 | employees, or due to the ownership, lease or sale of the instrumentality causing the injury,

4 | or in some other manner.

5 |      6.    Plaintiffs are informed and believe , and thereon allege that at all times

6 | mentioned herein, Defendants, and each of them, were the agents, servants, employees

7 | and/or joint venturers of their co-Defendants and were, as such, acting within the scope,

8 | course, and authority of said agency, employment and/or joint venture, in that each and

9 | every Defendant, as aforesaid, when acting as a principal, was negligent in the selection

10 | and hiring or each and every other Defendant as the agent, servant, employee and/or joint

11 | venturer.

12 |      7.    Plaintiffs are informed and believe  were California residents during a

13 | substantial period of Plaintiff DENNIS HELLERVIK's asbestos exposures, upon which

14 | Plaintiff' claims are based.

15 |      8.    Plaintiff is informed and believes, and thereon allege, that at all times

16 | mentioned herein, Defendants 3M COMPANY; CBS CORPORATION, F/K/A VIACOM,

17 | INC., SUCCESSOR BY MERGER TO CBS CORPORATION F/K/A WESTINGHOUSE

18 | ELECTRIC CORPORATION;  Crown Cork & Seal USA, Inc., INDIVIDUALLY AND AS

19 | SUCCESSOR IN INTEREST TO MUNDET CORK COMPANY;  DAP, INC.; Eaton

20 | Corporation individually and as successor in interest to Cutler-Hammer, Inc.;

21 | ERICSSON, INC. (Individually and as successor in interest to Anaconda Wire and Cable

22 | Company and Continental Wire and Cable Company) ; GENERAL CABLE

23 | CORPORATION ;  GENERAL ELECTRIC COMPANY ;  Georgia-pacific LLC, F/K/A

24 | GEORGIA PACIFIC CORPORATION, SUCCESSOR IN INTEREST TO BESTWELL

25 | GYPSUM COMPANY ;  HONEYWELL INTERNATIONAL INC., INDIVIDUALLY AND AS

26 | SUCCESSOR INTEREST TO ALLIED SIGNAL, INC. AND BENDIX CORPORATION  ;

27 | Kaiser Gypsum Company, Inc. ;   KELLY-MOORE PAINT COMPANY, INC. ;

28 | MECHANICAL DRIVES & BELTING, f/k/a L.A. Rubber Company  ;

-4-

1  METALCLAD INSULATION CORPORATION ;  Owens-Illinois, Inc., INDIVIDUALLY AND

2  AS SUCCESSOR IN INTEREST TO OWENS ILLINOIS GLASS COMPANY AND D/B/A

3  O-I ;  PARKER HANIFFIN CORPORATION, individually and as successor in interest to

4  Sacoma Sierra Company ;  PHELPS-DODGE CORPORATION a/k/a PHELPS-DODGE

5  INDUSTRIES, INC. a/k/a PHELPS-DODGE WIRE & CABLE ;  ROCKWELL

6  AUTOMATION, INC. (Individually and as successor in interest to Allen Bradley Company);

7   SCHNEIDER ELECTRIC INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO

8  SQUARE D COMPANY, INC. ;  SOCO WEST, INC., f/k/a Brenntag West, Inc., f/k/a

9  Soco-Lynch Corporation, f/k/a Soco-Western Chemical Corporation, f/k/a Stinnes-Western

10  Chemical Corporation;and DOES 1-300, inclusive. inclusive are corporations organized

11  and existing under and by virtue of the laws of the State of California, or the laws of some

12  other state of the United States of America, or some foreign jurisdiction, and that said

13  Defendants were authorized to do and are doing business in the State of California, and

14  that said Defendants have regularly conducted business in the State of California.

15      9.    At all times mentioned above, Defendants, and each of them, were engaged

16  in the business of manufacturing, fabricating, designing, assembling, distributing, leasing,

17  buying, selling, inspecting, servicing, installing, repairing, marketing, warranting, and

18  advertising a certain substance, the generic name of which is asbestos, and other products

19  containing said substance.

20      10.    Plaintiff DENNIS HELLERVIK was exposed to Defendants' asbestos and

21  asbestos containing products contributing to and causing the development of lung cancer.

22  Plaintiff was exposed to Defendants' asbestos and asbestos containing products including

23  but not limited to his service in the U.S. Navy as an electrician from 1954-1958; while in the

24  air force as an electrician from 1958-1962, during home remodel projects in the 1960s,

25  1970's and 1980's, during automobile and truck repair work beginning in the 194'0s

26  through the 1980's, and as a civilian engineer/electrician from 1980's through the 2000's.

27  Plaintiff DENNIS HELLERVIK suffers from lung cancer and each of Defendants' asbestos

28  and asbestos containing products that entered his body was a substantial factor in bringing

1   about, prolonging, or aggravating Plaintiff's lung cancer. The asbestos and asbestos

2   containing products Plaintiff was exposed to were manufactured or supplied by a named

3   Defendant and DOES 1-300.

4       11.   Federal Courts lack jurisdiction over this action; removal is therefore

5   improper.  Specifically, removal based on diversity jurisdiction is unavailing due to the

6   presence of a Defendant that resides in California.  In addition, no claim of admiralty or

7   maritime law is raised, Plaintiff sue no foreign state or agency, and Defendants lack a

8   colorable federal defense that would warrant removal pursuant to 28 U.S.C. 1442(a)(1).

9   Venue is proper in LOS ANGELES County, Superior Court of California.

10  **<u>FIRST CAUSE OF ACTION</u>**

11  (Negligence)

12  (As Against all Defendants)

13      12.   Plaintiff hereby incorporate by reference, as though fully set forth herein,

14  each and every allegation contained in each paragraph above.

15      13.   At all times herein mentioned, each of the named Defendants and DOES 1

16  through 300 was the successor, successor in business, successor in product line or a

17  portion thereof, assign, predecessor, predecessor in business, predecessor in product line

18  or a portion thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial

19  owner of or member in an entity researching, studying, manufacturing, fabricating,

20  designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

21  supplying, selling, inspecting, servicing, installing, contracting for installation, repairing,

22  marketing, warranting, re-branding, manufacturing for others, packaging and advertising as

23  certain product, namely asbestos, and other products containing asbestos. Said entities

24  shall hereinafter collectively be called "Alternate Entities." Each of the herein named

25  Defendants is liable for the tortious conduct of each successor, successor in business,

26  successor in product line or a portion thereof, assign, predecessor in product line or a

27  portion thereof, parent, subsidiary, whole or partial owner, or wholly or partially owned

28  entity, or entity that it was a member of, or funded, that researched, studied, manufactured,

ORIGINAL COMPLAINT [ASBESTOS PERSONAL INJURY]

1  fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for

2  sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired,

3  marketed, warranted, re-branded, manufactured for others and advertised a certain

4  product, namely asbestos, and other products containing asbestos. The following

5  Defendants, and each of them, are liable for the acts of each and every "Alternate Entity,"

6  in that there has been a virtual destruction of Plaintiff' remedies against each such

7  "Alternate Entity;" Defendants, and each of them, have acquired the assets, product line,

8  or a portion thereof, of each such "Alternate Entity;" Defendants, and each of them, caused

9  the destruction of Plaintiff' remedies against each such "Alternate Entity;" each such

10  Defendant has the ability to assume the risk-spreading role of each such "Alternate Entity;"

11  and that each such Defendant enjoys the goodwill originally attached to each such

12  "Alternate Entity."  The products they manufactured include, but are not limited, to the

13  following:

| DEFENDANT | ALTERNATE ENTITY/PRODUCT LINE |
|---|---|
| 3M COMPANY | masks, sealants, caulks |
| CBS CORPORATION | F/K/A VIACOM, INC., SUCCESSOR BY MERGER TO CBS CORPORATION F/K/A WESTINGHOUSE ELECTRIC CORPORATION; |
| Crown Cork & Seal USA, Inc. | INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO MUNDET CORK COMPANY; |
| Eaton Corporation | individually and as successor in interest to Cutler-Hammer, Inc. |
| ERICSSON, INC. | (Individually and as successor in interest to Anaconda Wire and Cable Company and Continental Wire and Cable Company) |
| Georgia-pacific LLC | F/K/A GEORGIA PACIFIC CORPORATION, SUCCESSOR IN INTEREST TO BESTWELL GYPSUM COMPANY ; |
| HONEYWELL INTERNATIONAL INC. | INDIVIDUALLY AND AS SUCCESSOR INTEREST TO ALLIED SIGNAL, INC. AND BENDIX CORPORATION |
| MECHANICAL DRIVES & BELTING | f/k/a L.A. Rubber Company |

-7-

| Owens-Illinois, Inc. | INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO OWENS ILLINOIS GLASS COMPANY AND D/B/A O-I |
| PARKER HANIFFIN CORPORATION | individually and as successor in interest to Sacoma Sierra Company |
| PHELPS-DODGE CORPORATION | a/k/a PHELPS-DODGE INDUSTRIES, INC. a/k/a PHELPS-DODGE WIRE & CABLE ; |
| ROCKWELL AUTOMATION, INC. | (Individually and as successor in interest to Allen Bradley Company) |
| SCHNEIDER ELECTRIC | INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO SQUARE D COMPANY, INC. |
| SOCO WEST, INC. | (f/k/a Brenntag West Inc., f/k/a SoCo-Lynch Corporation, f/k/a SoCo-Western Chemical Corporation; f/k/a Stinnes-Western Chemical Corporation); fiber supplier |

14.     Defendants, their "Alternate Entities," and each of them had a duty to use reasonable care in manufacturing their products and to warn the customer, user, or bystander that their products were dangerous and unsafe. At all times mentioned herein, Defendants, their "Alternate Entities," and each of them negligently and carelessly researched, tested or failed to test, manufactured, designed, developed, distributed, labeled, advertised, marketed, warranted, inspected, repaired, fabricated, modified, serviced, used, and sold a certain substance, the generic name of which is asbestos, and other products containing said substance, in that said substance was capable of causing and did, in fact, proximately cause personal injuries to users and consumers thereof while being used in manner reasonably foreseeable, thereby rendering said substance unsafe and dangerous for use by the consumer, users, or bystanders thereof, and others to whom Defendants owe a duty, including Plaintiff.

15.     Plaintiff DENNIS HELLERVIK is a worker who, for a substantial length of time, used, handled, and was otherwise exposed to Defendants' asbestos and asbestos products, in a manner that was reasonably foreseeable, while he was working as described in Paragraph 6 above.

ORIGINAL COMPLAINT [ASBESTOS PERSONAL INJURY]

1     16.    As a direct and proximate result of the above-referenced conduct of the

2    Defendants, their "Alternate Entities," and each of them, as aforesaid, said exposure to

3    said asbestos caused severe and permanent injury to Plaintiff's lungs and body, including,

4    but not limited to the disease lung cancer.

5     17.    On or about August 15, 2011 Plaintiff DENNIS HELLERVIK was diagnosed

6    with the asbestos-related disease lung cancer. Prior to that date, Plaintiff, did not know,

7    nor did he have reason to know, that he had contracted this disease related to his

8    exposure to asbestos. Prior to said date, Plaintiff was not aware that exposure to asbestos

9    presented any risk of injury and/or disease to him, and had not been advised or informed

10    by anyone that he could contract, nor indeed did contract, any disease, sickness or injury

11    as a result of working in the vicinity of asbestos.

12     18.    Plaintiff is informed and believes, and thereupon allege, that lung cancer is a

13    vicious, painful and often fatal malignancy of the lung, and that said disease results from

14    exposure to asbestos and asbestos products over a period of time.

15     19.    As a direct and proximate result of the aforesaid conduct of the Defendants,

16    their "Alternate Entities," and each of them Plaintiff DENNIS HELLERVIK has suffered, and

17    continues to suffer, severe and permanent injuries to his person, body and health,

18    including, but not limited to, the disease lung cancer, all to his general damage in a sum

19    within the jurisdictional limits of this court.

20     20.    As a direct and proximate result of the aforesaid conduct of the Defendants,

21    their "Alternate Entities," and each of them Plaintiff were compelled to and did employ the

22    services of hospitals, surgeons, physicians, nurses, and the like, to care for and treat

23    Plaintiff DENNIS HELLERVIK, and did incur medical, hospital and professional incidental

24    expenses, and Plaintiff is informed and believes and thereupon allege that by reason of

25    said injuries, Plaintiff DENNIS HELLERVIK will necessarily incur additional like expenses

26    for an indefinite period of time in the future, and when said amounts are ascertained,

27    Plaintiff will allege said amounts.

28     21.    At all times herein mentioned, Defendants, their "Alternate Entities," and each

ORIGINAL COMPLAINT [ASBESTOS PERSONAL INJURY]

1 of them were aware that the original gaskets and packing supplied with their equipment

2 would need to be removed and replaced with new gaskets and packing during ordinary

3 operation and maintenance of their equipment. Heat and pressure generated by operation

4 would affect the original and replacement gaskets and packing - e.g., making them brittle,

5 friable and not reusable, making replacement necessary and dangerous. It was

6 foreseeable that the process of removing old gaskets and packing, and replacing them with

7 the new materials during ordinary maintenance operations would cause the disturbance of

8 asbestos and/or asbestos containing materials, releasing asbestos into the air. It was also

9 foreseeable that Defendant's equipment needed to be insulated with asbestos containing

10 thermal insulation materials and that the negligent design of Defendants' equipment

11 through its ordinary operation caused the degradation of asbestos containing thermal

12 insulation and the foreseeable removal of these insulation materials and application of new

13 insulation materials, which would cause the disturbance of asbestos and/or asbestos

14 containing materials, releasing asbestos into the air.

15     22. On or before 1930, the Defendants, their "Alternate Entities," and each of

16 them, have known and have possessed the true facts of medical and scientific data and

17 other knowledge which clearly indicated that asbestos and asbestos-containing products

18 were and are hazardous to the health and safety of Plaintiff DENNIS HELLERVIK, and

19 others in Plaintiff's position working in close proximity with such materials.  Specifically,

20 Defendants, their "Alternate Entities," and each of them, knew, or had a duty to know, the

21 following information:

22     (a) E.R.A. Merewether & C.W. Price's 1930 *Report on Effects of Asbestos Dust on*

23     *the Lung* (London: H.M. Stationary Office) put manufacturers, designers,

24     distributors, marketers, sellers, suppliers, installers, inspectors, repairmen,

25     packagers, users, and advertisers of asbestos and asbestos containing products on

26     notice that exposure to asbestos dust can cause pulmonary fibrosis in exposed

27     individuals and discussed processes by which asbestos dust is generated and

28     methods for dust suppression.  As such, at least as of 1930, Defendants, their

    "Alternate Entities," and each of them, knew or had the duty to know that exposure

1   to asbestos dust could cause a debilitating potentially lethal disease, that there was
2   a dose-response relationship between the level of asbestos exposure and risk of
3   contracting disease,  and that disease prevention requires the suppression or
4   elimination of asbestos containing dust.  In 1933, E.R.A. Merewether's
5   *Memorandum on Asbestosis* (Tubercle, Vol. XIV — 1932-33, December) informed
6   Defendants, their "Alternate Entities," and each of them, that exposure to asbestos
7   containing dust for a period of less than 5 years can cause the lung disease
8   asbestosis, which can be deadly.
9   (b) R. Doll's 1955 article, *Mortality from Lung Cancer in Asbestos Workers* (Br. J.
10  Ind. Med., Vol. 12) put manufacturers, designers, distributors, marketers, sellers,
11  suppliers, installers, inspectors, repairmen, packagers, users, and advertisers of
12  asbestos and asbestos containing products on notice that exposure to asbestos
13  dust can cause lung cancer in exposed individuals, resulting in death.  As such, at
14  least as of 1955, Defendants, their "Alternate Entities," and each of them, knew or
15  had the duty to know that exposure to asbestos dust could cause lung cancer, a
16  potentially lethal disease.
17  (c) J.C. Wagner, C.A. Sleggs, & P. Marchland's 1960 article *Diffuse Pleural*
18  *Mesothelioma and Asbestos Exposure in the North Western Cape Province* (Br. J.
19  Ind. Med., Vol. 17) put manufacturers, designers, distributors, marketers, sellers,
20  suppliers, installers, inspectors, repairmen, packagers, users, and advertisers of
21  asbestos and asbestos containing products on notice that exposure to asbestos
22  dust can cause mesothelioma in exposed individuals, resulting in death.  The article
23  confirmed a causal association between asbestos exposure and mesothelioma, and
24  noted that even low-level, non-occupational exposures to asbestos can cause
25  mesothelioma.  As such, at least as of 1960, Defendants, their "Alternate Entities,"
26  and each of them, knew or had the duty to know that exposure to asbestos dust
27  could cause mesothelioma, a lethal form of cancer, in those directly exposed to
28  asbestos containing dust as well as those secondarily exposed in a residential
    setting.

-11-

23.    With intent to deceive Plaintiff DENNIS HELLERVIK, and others in Plaintiff's position, and with intent that he and such others should be and remain ignorant of such facts with intent to induce Plaintiff and such others to alter his and their positions to his and their injury and/or risk and in order to gain financial, business, and other advantages, the following acts occurred:

(a) Defendants, their "Alternate Entities," and each of them, did not label any of the aforementioned asbestos and asbestos containing materials and products with information regarding the hazards of such materials and products to the health and safety of Plaintiff and others in Plaintiff's position working in close proximity with such materials until 1964, when certain of such materials were labeled by some, but not all, of Defendants, their "Alternate Entities," and each of them, herein when the knowledge of such hazards was existing and known to Defendants, their "Alternate Entities," and each of them, since on or before 1930. By not labeling such materials as to their said hazards, Defendants, their "Alternate Entities," and each of them, caused to be suggested as a fact to Plaintiff that it was safe for Plaintiff to work in close proximity to such materials when in fact it was not true and Defendants, their "Alternate Entities," and each of them, did not believe it to be true.

(b) Defendants, their "Alternate Entities," and each of them, suppressed information relating the danger of use of the aforementioned materials by requesting the suppression of information to the Plaintiff and the general public concerning the dangerous nature of the aforementioned materials to workers, by not allowing such information to be disseminated in a manner which would have given general notice to the public and knowledge of the hazardous nature thereof when Defendants, their "Alternate Entities," and each of them, were bound to disclose such information;

(c) Defendants, their "Alternate Entities," and each of them, sold the aforementioned products and materials to Plaintiff's employer and others without advising Plaintiff and others of the dangers of use of such materials to persons working in close proximity thereto when Defendants, their "Alternate Entities," and each of them, knew of such dangers, and had a duty to disclose such dangers all as set forth

-12-

1   herein. By said conduct, Defendants, their "Alternate Entities," and each of them,
2   caused to be positively asserted to Plaintiff that which was not true and that which
3   Defendants, their "Alternate Entities," and each of them, had not reasonable ground
4   for believing to be true, to wit, that it was safe for Plaintiff to work in close proximity
5   to such materials;
6   (d) Defendants, their "Alternate Entities," and each of them, suppressed from
7   Plaintiff medical and scientific data and knowledge of the contents of the Lanza
8   report. Although bound to disclose it, Defendants, their "Alternate Entities," and
9   each of them influenced A.J. Lanza to change his report, the altered version of
10  which was published in Public Health Reports, Volume 50 at page 1 in 1935,
11  thereby causing Plaintiff and others to be and remain ignorant thereof. Defendants,
12  there "Alternate Entities," and each of them, caused Asbestos Magazine, a widely
13  disseminated trade journal, to omit mention of danger, thereby lessening the
14  probability of notice of danger to users thereof;
15  (e) Defendants, their "Alternate Entities," and each of them, belonged to,
16  participated in, and financially supported the Asbestos Textile Institute and other
17  industry organizations which, for and on behalf of Defendants, their "Alternate
18  Entities," and each of them, actively promoted the suppression of information of
19  danger to users of the aforementioned products and materials, thereby misleading
20  Plaintiff by the suggestions and deceptions set forth above in this cause of action.
21  The Dust Control Committee, which changed its name to the Air Hygiene
22  Committee, of the Asbestos Textile Institute was specifically enlisted to study the
23  subject of dust control. Discussions in this committee were held many times
24  regarding the dangers inherent in asbestos and the dangers which arise from the
25  lack of control of dust, and such information was suppressed from public
26  dissemination from 1946 to a date unknown to Plaintiff at this time;
27  (f) Commencing in 1930 with the study of mine and mill workers at Asbestos and
28  Thetford mines in Quebec, Canada, and the study of workers at

-13-

1   Raybestos-Manhattan plants in Manheim and Charleston, South Carolina,

2   Defendants, their "Alternate Entities," and each of them, knew and possessed

3   medical and scientific information of the connection between inhalation of asbestos

4   fibers and asbestosis, which information was disseminated through the Asbestos

5   Textile Institute and other industry organizations to all other Defendants, their

6   "Alternate Entities," and each of them, herein. Between 1942 and 1950, the

7   Defendants, their "Alternate Entities," and each of them suggested to the public as a

8   fact that which is not true and disseminated other facts likely to mislead Plaintiff.

9   Such facts did mislead Plaintiff and others by withholding the afore-described

10   medical and scientific data and other knowledge and by not giving Plaintiff the true

11   facts concerning such knowledge of danger, which Defendants, their "Alternate

12   Entities," and each of them, were bound to disclose;

13   (g) Defendants, their "Alternate Entities," and each of them, failed to warn Plaintiff

14   and others of the nature of asbestos and asbestos containing materials which were

15   dangerous when breathed and which could cause pathological effects without

16   noticeable trauma, despite the fact that Defendants, their "Alternate Entities," and

17   each of them, possessed knowledge and were under a duty to disclose that said

18   materials were dangerous and a threat to the health of persons coming into contact

19   therewith;

20   (h) Defendants, their "Alternate Entities," and each of them, failed to provide Plaintiff

21   with information concerning adequate protective masks and other equipment

22   devised to be used when applying and installing the products of the Defendants,

23   and each of them, despite knowing that such protective measures were necessary,

24   and that they were under a duty to disclose that such materials were dangerous and

25   would result in injury to the Plaintiff and others applying and installing such material;

26   (i) Defendants, their "Alternate Entities," and each of them, when under a duty to so

27   disclose, concealed from Plaintiff the true nature of the industrial exposure of

28   Plaintiff and knew that Plaintiff and anyone similarly situated, upon inhalation of

-14-

asbestos would, in time, develop irreversible conditions of pneumoconiosis,
asbestosis and/or cancer. Defendants, their "Alternate Entities," and each of them,
also concealed from Plaintiff and others that harmful materials to which they were
exposed would cause pathological effects without noticeable trauma;

(j) Defendants, their "Alternate Entities," and each of them, failed to provide
information of the true nature of the hazards of asbestos and asbestos containing
materials and that exposure to these materials would cause pathological effects
without noticeable trauma to the public, including buyers, users, and physicians
employed by Plaintiff and Plaintiff's employers so that said physicians could
examine, diagnose and treat Plaintiff and others who were exposed to asbestos,
despite the fact that Defendants, their "Alternate Entities," and each of them, were
under a duty to so inform and said failure was misleading; and

(k) Defendants, their "Alternate Entities," and each of them, failed to provide
adequate information to physicians and surgeons retained by Plaintiff's employers
and their predecessor companies, for purposes of making physical examinations of
Plaintiff and other employees as to the true nature of the risk of such materials and
exposure thereto when they in fact possessed such information and had a duty to
disclose it.

24. On or before 1930, and thereafter, said Defendants, their "Alternate Entities,"
and each of them were aware that users of asbestos and asbestos containing products, as
well as members of the general public who would be exposed to asbestos and asbestos
products, had no knowledge or information indicating that asbestos could cause injury, and
said Defendants, their "Alternate Entities," and each of them, knew that the users of
asbestos and asbestos products, as well as members of the general public who were
exposed to asbestos and asbestos products, would assume, and in fact did assume, that
exposure to asbestos and asbestos products was safe, when in fact said exposure was
extremely hazardous to human life.

25. With said knowledge, said Defendants, their "Alternate Entities," and each of

-15-

1  them opted to manufacture, design, distribute, market, sell, supply, instal, inspect, repair,

2  package, use, and advertise asbestos and asbestos containing products without

3  attempting to protect or warn users or bystanders about the high risk of injury or death

4  resulting from exposure to asbestos and asbestos products. Rather than attempting to

5  protect users and workers from, or warn workers and users of, the high risk of injury or

6  death resulting from exposure to asbestos and asbestos products, Defendants, their

7  "Alternate Entities," and each of them intentionally failed to reveal their knowledge of said

8  risk, fraudulently, consciously and actively concealed and suppressed said knowledge from

9  members of the general public that asbestos and asbestos products were unsafe for all

10  reasonably foreseeable use, with the knowledge of the falsity of said implied

11  representations.

12      26.     Despite the above referenced historical knowledge of said Defendants, their

13  "Alternate Entities," and each of them, concerning the extreme hazards of asbestos,

14  Defendants negligently, carelessly, and with a willful and conscious disregard of the rights

15  and safety of others failed to adequately test, research, label, design, distribute, sell,

16  inspect, repair, use, modify or advertise their asbestos and asbestos containing products in

17  an effort to reduce or eliminate the potential that their products would cause deadly

18  diseases in users, bystanders, and other exposed individuals.

19      27.     The above referenced conduct of said Defendants, their "Alternate Entities,"

20  and each of them was motivated by the financial interest of said Defendants in the

21  continuing, uninterrupted distribution and marketing of asbestos and asbestos containing

22  products.  In pursuance of said financial motivation, said Defendants consciously

23  disregarded the safety of the users of, and persons exposed to, asbestos and asbestos

24  containing products, and were in fact consciously willing to permit asbestos and asbestos

25  containing products to cause injury to workers and users thereof, and persons exposed

26  thereto, including Plaintiff DENNIS HELLERVIK.

27      28.     The above reference conduct, including but not limited to, each Defendant's

28  conscious suppression of the dangers of their product, each Defendant's failure to warn of

-16-

1   the dangers, and each Defendant's decision to continue to manufacture, sell, and distribute

2   its asbestos-containing products, despite the health risks posed by those products and

3   known by each Defendant, were decisions and conduct committed by one or more officers,

4   directors, or managing agents of each Defendant, acting on behalf of said Defendant, or

5   were authorized, known, adopted or approved by an officer, director, or managing agent of

6   each Defendant.

7        29.    The above referenced conduct, including but not limited to, each Defendant's

8   conscious suppression of the dangers of their product, each Defendant's failure to warn of

9   the dangers, and each Defendant's decision to continue to manufacture, sell, and distribute

10   its asbestos-containing products, despite the health risks posed by those products and

11   known by each Defendant, were decisions and conduct committed by an employee of

12   Defendant who exercised substantial independent authority and judgment in his or her

13   corporate decision-making such that his or her decisions ultimately determine corporate

14   policy.

15        30.    Within the corporate hierarchy of each Defendant, authorized persons acted

16   despicably in willful and conscious disregard of the rights and safety of others, including

17   Plaintiff.  These persons engaged in the above reference conduct, including by not limited

18   to each Defendant's conscious suppression of the dangers of its asbestos-containing

19   products, each Defendant's failure to warn of the dangers, and each Defendant's decision

20   to continue to manufacture, sell, and distribute its products despite the health risks posed

21   by so doing.

22        31.    The information concerning the health risks of asbestos, and described

23   above, was in the possession of each corporate Defendant and the structure of each

24   Defendant permitted that information to, in fact, move upward to the point were corporate

25   policy was formulated.  It became the corporate policy of each Defendant to consciously

26   suppress the dangers of their asbestos-containing products, and fail to warn of the dangers

27   of their asbestos-containing products, and to continue to manufacture, sell, and distribute

28   its asbestos-containing products well after the dangers of asbestos were known to each

ORIGINAL COMPLAINT [ASBESTOS PERSONAL INJURY]

1 | Defendant for the purpose of maximizing their own profits.  It was the corporate policy of
2 | each Defendant to choose profit over consumer and worker safety.  Defendants, and each
3 | of them, through its officers, directors and managing agents engaged in conduct and
4 | promulgated corporate policy, that could, and did, kill people.
5 |         32.     An officer, director, or managing agent of Defendants, their "Alternate
6 | Entities," and each of them, with advance knowledge of the extreme health hazard posed
7 | by asbestos and asbestos containing products, did, with conscious disregard for the rights
8 | and safety of others, commit an act of oppression, fraud, or malice, or did authorize or
9 | ratify such acts, including but not limited to Defendants' failure to adequately research, test,
10 | or label their asbestos or asbestos-containing products and Defendants' attendant
11 | willingness to continue to manufacture, design, distribute, market, sell, supply, install,
12 | inspect, repair, package, use, and advertise asbestos and asbestos containing products
13 | then known by Defendants to be hazardous to human health.  As such, an officer, director,
14 | or managing agent of Defendants, their "Alternate Entities," and each of them, authorized
15 | or ratified Defendants' failure to take reasonable and necessary efforts to reduce or
16 | eliminate the potential that the asbestos and asbestos containing products Defendants
17 | manufactured, designed, distributed, used, marketed, sold, supplied, installed, inspected,
18 | repaired, packaged, used and advertised would cause deadly diseases, such as lung
19 | cancer, in users, bystanders, and other exposed individuals.
20 |         33.     The above-referenced conduct of said Defendants, their "Alternate Entities,"
21 | and each of them was and is willful, malicious, outrageous and/or in conscious disregard
22 | and indifference to the rights and safety of users of said asbestos and asbestos containing
23 | products, including Plaintiff DENNIS HELLERVIK. Defendants, their "Alternate Entities,"
24 | and each of them are guilty of oppression, fraud, or malice and engaged in conduct which
25 | was intended by the Defendants to cause injury to the Plaintiff or conduct which was
26 | carried on by the Defendants with a willful and conscious disregard of the rights and safety
27 | of others. Defendants, their "Alternate Entities," and each of them subjected Plaintiff to
28 | cruel and unjust hardship in conscious disregard of their rights and engaged in intentional

-18-

1  misrepresentation, deceit, or concealment of a material fact known to the Defendants with

2  the intention on the part of the Defendants of thereby depriving Plaintiff of property or legal

3  rights or otherwise causing injury. Plaintiff therefore, for the sake of example and by way of

4  punishing Defendants, seek punitive damages, according to proof.

**SECOND CAUSE OF ACTION**

(Strict Liability)

(As Against all Defendants)

8      34.    Plaintiff hereby incorporates by reference, as though fully set forth herein,

9  each and every allegation contained in each of the paragraphs above.

10      35.    At all times mentioned herein, Defendants, their "Alternate Entities," and each

11  of them researched, manufactured, tested or failed to test, designed, labeled, distributed,

12  advertised, marketed, warranted, inspected, repaired, offered for sale, and sold a certain

13  substance, the generic name of which is asbestos, and other products containing said

14  substance which Defendants knew were to be used without inspection for defects and

15  which substance contained design and manufacturing defects, in that same was capable of

16  causing and did, in fact, cause personal injuries to users, consumers, and bystanders while

17  being used in a reasonably foreseeable manner, thereby rendering such asbestos and

18  asbestos containing products unsafe and dangerous for use by users, consumers, and

19  bystanders.

20      36.    As a direct and proximate result of the above described conduct by

21  Defendants, their "Alternate Entities," and each of them, Plaintiff DENNIS HELLERVIK

22  suffered severe and permanent injuries to his person, as alleged hereinabove.

23      37.    At all times mentioned herein, the asbestos and products containing said

24  substance discussed above failed to perform as safely as an ordinary consumer would

25  expect when used in an intended or reasonably foreseeable manner, and the risk of

26  danger inherent in asbestos and asbestos containing products outweighs the benefits of

27  said substance and products.

28      38.    At all times mentioned herein, the foreseeable use of the asbestos and

-19-

ORIGINAL COMPLAINT [ASBESTOS PERSONAL INJURY]

1 | products containing said substance discussed above involved a substantial danger not
2 | readily recognizable to an ordinary user, consumer, or bystander, but which danger was
3 | known or knowable to Defendants, their "Alternate Entities," and each of them, and
4 | Defendants failed to adequately warn of the substantial danger.

5 | 39. As a direct and proximate result of the above described conduct by
6 | Defendants, their "alternate entities," and each of them, Plaintiff DENNIS HELLERVIK
7 | suffered severe and permanent injuries to his person, as alleged hereinabove.

8 | 40. An officer, director, or managing agent of Defendants, their "Alternate
9 | Entities," and each of them, with advance knowledge of the extreme health hazard posed
10 | by asbestos and asbestos containing products, did, with conscious disregard for the rights
11 | and safety of others, commit an act of oppression, fraud, or malice, or did authorize or
12 | ratify such acts, including but not limited to Defendants' failure to adequately research, test,
13 | or label their asbestos or asbestos-containing products and Defendants' attendant
14 | willingness to continue to manufacture, design, distribute, market, sell, supply, instal,
15 | inspect, repair, package, use, and advertise asbestos and asbestos containing products
16 | then known by Defendants to be hazardous to human health. As such, an officer, director,
17 | or managing agent of Defendants, their "Alternate Entities," and each of them, authorized
18 | or ratified Defendants' failure to take reasonable and necessary efforts to address the
19 | design and manufacturing defects in the asbestos and asbestos containing products that
20 | Defendants manufactured, designed, distributed, used, marketed, sold, supplied, installed,
21 | inspected, repaired, packaged, used and advertised.

22 | 41. The above reference conduct, including but not limited to, each Defendant's
23 | conscious suppression of the dangers of their product, each Defendant's failure to warn of
24 | the dangers, and each Defendant's decision to continue to manufacture, sell, and distribute
25 | its asbestos-containing products, despite the health risks posed by those products and
26 | known by each Defendant, were decisions and conduct committed by one or more officers,
27 | directors, or managing agents of each Defendant, acting on behalf of said Defendant, or
28 | were authorized, known, adopted or approved by an officer, director, or managing agent of

-20-

1 | each Defendant.

2 |     42.    The above referenced conduct, including but not limited to, each Defendant's
3 | conscious suppression of the dangers of their product, each Defendant's failure to warn of
4 | the dangers, and each Defendant's decision to continue to manufacture, sell, and distribute
5 | its asbestos-containing products, despite the health risks posed by those products and
6 | known by each Defendant, were decisions and conduct committed by an employee of
7 | Defendant who exercised substantial independent authority and judgment in his or her
8 | corporate decision-making such that his or her decisions ultimately determine corporate
9 | policy.

10 |     43.    Within the corporate hierarchy of each Defendant, authorized persons acted
11 | despicably in willful and conscious disregard of the rights and safety of others, including
12 | Plaintiff.  These persons engaged in the above reference conduct, including by not limited
13 | to each Defendant's conscious suppression of the dangers of its asbestos-containing
14 | products, each Defendant's failure to warn of the dangers, and each Defendant's decision
15 | to continue to manufacture, sell, and distribute its products despite the health risks posed
16 | by so doing.

17 |     44.    The information concerning the health risks of asbestos, and described
18 | above, was in the possession of each corporate Defendant and the structure of each
19 | Defendant permitted that information to, in fact, move upward to the point were corporate
20 | policy was formulated.  It became the corporate policy of each Defendant to consciously
21 | suppress the dangers of their asbestos-containing products, and fail to warn of the dangers
22 | of their asbestos-containing products, and to continue to manufacture, sell, and distribute
23 | its asbestos-containing products well after the dangers of asbestos were known to each
24 | Defendant for the purpose of maximizing their own profits.  It was the corporate policy of
25 | each Defendant to choose profit over consumer and worker safety.  Defendants, and each
26 | of them, through its officers, directors and managing agents engaged in conduct and
27 | promulgated corporate policy, that could, and did, kill people.

28 |     45.    The above-referenced conduct of said Defendants, their "Alternate Entities,"

1  and each of them was and is willful, malicious, outrageous and/or in conscious disregard

2  and indifference to the rights and safety of users of said asbestos and asbestos containing

3  products, including Plaintiff DENNIS HELLERVIK.  Defendants, their "Alternate Entities,"

4  and each of them are guilty of oppression, fraud, or malice and engaged in conduct which

5  was intended by the Defendants to cause injury to the Plaintiff or conduct which was

6  carried on by the Defendants with a willful and conscious disregard of the rights and safety

7  of others. Defendants, their "Alternate Entities," and each of them subjected Plaintiff to

8  cruel and unjust hardship in conscious disregard of their rights and engaged in intentional

9  misrepresentation, deceit, or concealment of a material fact known to the Defendants with

10  the intention on the part of the Defendants of thereby depriving Plaintiff of property or legal

11  rights or otherwise causing injury. Plaintiff therefore, for the sake of example and by way of

12  punishing Defendants, seek punitive damages, according to proof.

13  **THIRD CAUSE OF ACTION**

14  (Premises Owner/Contractor Liability)

15  (As Against Defendants)

16      46.    Plaintiff hereby incorporates by reference, as though fully set forth herein,

17  each and every allegation contained in each of the above.

18      47.    At all times mentioned herein, the Premises Owner/Contractor Liability

19  Defendants, their "Alternate Entities," and each of them, owned, leased, maintained,

20  managed, and/or controlled the premises at which Plaintiff DENNIS HELLERVIK was

21  exposed to asbestos and asbestos containing products.

22      48.    Prior to and at said times and places, said Premises Owner/Contractor

23  Liability Defendants, their "Alternate Entities," and each of them, caused asbestos and

24  asbestos containing products to be constructed, installed, maintained, used, supplied,

25  replaced, repaired and/or removed on their respective premises, by their own workers

26  and/or by employing various contractors, and caused the release of dangerous quantities

27  of toxic asbestos fibers into the ambient air and thereby created a hazardous and unsafe

28  condition to Plaintiff DENNIS HELLERVIK and other persons exposed to said asbestos

1  fibers while present at said premises.

2      49.    At all times mentioned herein, said Premises Owner/Contractor Liability

3  Defendants, their "Alternate Entities," and each of them, knew or in the exercise of ordinary

4  and reasonable care should have known, that the foregoing conditions and activities

5  created a dangerous, hazardous, and unsafe condition and unreasonable risk of harm and

6  personal injury to Plaintiff DENNIS HELLERVIK and other workers or persons so exposed

7  present on each of the aforesaid respective premises.

8      50.    At all times relevant herein, Plaintiff DENNIS HELLERVIK entered said

9  premises and used or occupied each of said respective premises as intended and for each

10  of the respective Premises Owner/Contractor Liability Defendants' request and invitation. In

11  so doing, Plaintiff was exposed to dangerous quantities of asbestos fibers released into the

12  ambient air by the aforesaid hazardous conditions and activities managed, maintained,

13  initiated, and/or otherwise created, controlled, or caused by said Premises

14  Owner/Contractor Liability Defendants, their "Alternate Entities," and each of them.

15      51.    Plaintiff DENNIS HELLERVIK at all times was unaware of the hazardous

16  condition or the risk of personal injury created by the aforesaid presence and use of

17  asbestos products and materials on said premises.

18      52.    At all times mentioned herein, said Premises Owner/Contractor Liability

19  Defendants, their "Alternate Entities," and each of them, remained in control of the

20  premises where Plaintiff DENNIS HELLERVIK was performing his work.

21      53.    At all times mentioned herein, the Premises Owner/Contractor Liability

22  Defendants, their "Alternate Entities," and each of them, owed to Plaintiff and others

23  similarly situated a duty to exercise ordinary care in the management of such premises in

24  order to avoid exposing workers such as Plaintiff DENNIS HELLERVIK to an unreasonable

25  risk of harm and to avoid causing injury to said person.

26      54.    At all times mentioned herein, said Premises Owner/Contractor Liability

27  Defendants, their "Alternate Entities," and each of them, negligently failed to maintain,

28  manage, inspect, survey, or control said premises or to abate or correct, or to warn Plaintiff

1  of the existence of the aforesaid dangerous conditions and hazards on said premises.

2      55.    At all times mentioned herein, said Premises Owner/Contractor Liability

3  Defendants, their "Alternate Entities," and each of them, should have recognized that the

4  work of said contractors, identified above in Paragraph 40, would create during the

5  progress of the work, dangerous, hazardous, and unsafe conditions which could or would

6  harm Plaintiff DENNIS HELLERVIK and others unless special precautions were taken.

7      56.    In part, Plaintiff DENNIS HELLERVIK was exposed to dangerous quantities

8  of asbestos fibers by reason of such contractors' failure to take necessary precautions.

9      57.    The work of contractors on premises controlled by the Premises

10  Owner/Contractor Defendants created an unsafe premise and an unsafe work place by

11  reason of the release of dangerous quantities of asbestos fibers.

12      58.    The unsafe premise or work place was created, in part, by the negligent

13  conduct of the contractors employed by the Premises Owner/Contractor Defendants. Said

14  negligent conduct includes but is not limited to:

15      (a) Failure to warn about the hazards of asbestos dusts;

16      (b) Failure to suppress, reduce, or eliminate the release of asbestos containing dust

17      into the premises;

18      (c) Failure to remove asbestos containing dust on the premises through the use of

19      ventilation or appropriate means;

20      (d) Failure to provide adequate breathing protection, i.e., approved respirators or

21      masks to those exposed to the release of asbestos dust;

22      (e) Failure to inspect and/or test the air for the presence of asbestos fibers;

23      (f) Failure to provide medical monitoring to those exposed to asbestos dust.

24      59.    The Premises Owner/Contractor Defendants' duty to maintain and provide

25  safe premises, a safe place to work, and to warn of dangerous conditions are

26  non-delegable; said duties arise out of common law, Civil Code §1708, and Labor Code

27  §6400, et seq., or Health & Safety Code §40200, et seq., and regulations promulgated

28  thereunder. Therefore, the Premises Owner/Contractor Defendants are responsible for any

-24-

1 breach of said duties whether by themselves or others.

2       60.     Prior to and at said times and places, said Premises Owner/Contractor

3 Liability Defendants, their "Alternate Entities," and each of them were subject to certain

4 ordinances, statutes, and other government regulations promulgated by the United States

5 Government, the State of California, and others, including but not limited to the General

6 Industry Safety Orders promulgated pursuant to California Labor Code §6400 and the

7 California Administrative Code under the Division of Industrial Safety, Department of

8 Industrial Relations, including but not limited to Title VIII, Group 9 (Control of Hazardous

9 Substances), Article 81, §§4105, 4106, 4107 and 4108, and Threshold Limit Values as

10 documented for asbestos and other toxic substances under Appendix A, Table 1 of said

11 Safety Orders; additionally, California Health & Safety Code §40200, et seq., which

12 empowers the California Air Quality Management Districts to promulgate regulations

13 covering emission standards for hazardous air pollutants. Such state and federal standards

14 required said Premises Owner/Contractor Liability Defendants, their "Alternate Entities,"

15 and each of them, to provide specific safeguards or precautions to prevent or reduce the

16 inhalation of asbestos dust; and said Premises Owner/Contractor Liability Defendants

17 failed to provide the required safeguards and precautions. Defendants' violations of said

18 codes include but are not limited to:

19       (a) Failing to comply with statutes and allowing ambient levels of airborne asbestos

20       fiber to exceed the permissible/allowable levels with regard to the aforementioned

21       statutes;

22       (b) Failing to segregate work involving the release of asbestos dusts;

23       (c) Failing to suppress asbestos dust using prescribed ventilation techniques;

24       (d) Failing to suppress asbestos dust using prescribed "wet down" techniques;

25       (e) Failing to warn or educate Plaintiff DENNIS HELLERVIK or others regarding

26       asbestos on the premises;

27       (f) Failing to provide approved respiratory protection devices;

28       (g) Failing to ensure "approved" respiratory protection devices were used properly;

(h) Failing to provide for an on-going health and screening program for those exposed to asbestos on the premises;

(i) Failing to provide adequate housekeeping and clean-up of the work place;

(j) Failing to properly warn of the hazards associated with asbestos as required by statute;

(k) Failing to properly report renovation and disturbance of asbestos containing materials;

(l) Failing to have an asbestos removal supervisor as required by regulation;

(m) Failing to get approval for renovation as required by statutes; and

(n) Failing to maintain records as required by statute.

61.     Premises Owner/Contractor Liability Defendants, their "Alternate Entities," and each of them, were the "statutory employer" of Plaintiff DENNIS HELLERVIK as defined by the California Labor Code and California case law.

62.     Plaintiff DENNIS HELLERVIK at all times was unaware of the hazardous condition or the risk of personal injury created by Defendants' violation of said regulations, ordinances, or statutes.

63.     At all times mentioned herein, Plaintiff DENNIS HELLERVIK was a member of the class of persons whose safety was intended to be protected by the regulations, statutes, or ordinances described in the foregoing paragraphs.

64.     At all times mentioned herein, said Premises Owner/Contractor Liability Defendants, their "Alternate Entities," and each of them, knew, or in the exercise of ordinary and reasonable care should have known, that the premises that were in their control would be used without knowledge of, or inspection for, defects or dangerous conditions, that the persons present and using said premises would not be aware of the aforesaid hazardous conditions to which they were exposed on the premises, and that such persons were unaware of the aforesaid violations of codes, regulations, and statutes.

65.     As a legal consequence of the foregoing, Plaintiff DENNIS HELLERVIK developed the asbestos-related disease lung cancer, which has caused great injury and

-26-

1 | disability as previously set forth, and Plaintiff have suffered damages as herein alleged.

2 |     66.   An officer, director, or managing agent of Premises Owner/Contractor Liability

3 | Defendants, their "Alternate Entities," and each of them, with advance knowledge of the

4 | extreme health hazard posed by asbestos and asbestos containing products, did, with

5 | conscious disregard for the rights and safety of others, commit an act of oppression, fraud,

6 | or malice, or did authorize or ratify such acts, including but not limited to Defendants'

7 | failure to provide workers with an adequately safe work environment and Defendants'

8 | attendant willingness to continue to construct, install, maintain, use, supply, replace, repair

9 | and/or remove asbestos and asbestos containing products, thereby generating airborne

10 | asbestos dust to which Plaintiff DENNIS HELLERVIK was exposed.  As such, an officer,

11 | director, or managing agent of Premises Owner/Contractor Liability Defendants, their

12 | "Alternate Entities," and each of them, authorized or ratified Defendants' failure to take

13 | reasonable and necessary efforts to ensure that workers such as Plaintiff DENNIS

14 | HELLERVIK were not exposed to toxic asbestos dust on their premises.

15 |     67.   The above reference conduct, including but not limited to, each Defendant's

16 | conscious suppression of the dangers of their product, each Defendant's failure to warn of

17 | the dangers, and each Defendant's decision to continue fail to provide workers with an

18 | adequately safe work environment were decisions and conduct committed by one or more

19 | officers, directors, or managing agents of each Defendant, acting on behalf of said

20 | Defendant, or were authorized, known, adopted or approved by an officer, director, or

21 | managing agent of each Defendant.

22 |     68.   The above referenced conduct, including but not limited to, each Defendant's

23 | conscious suppression of the dangers of asbestos, each Defendant's failure to warn of the

24 | dangers, and each Defendant's decision to continue to create an unsafe work

25 | environment,  were decisions and conduct committed by an employee of Defendant who

26 | exercised substantial independent authority and judgment in his or her corporate decision-

27 | making such that his or her decisions ultimately determine corporate policy.

28 |     69.   Within the corporate hierarchy of each Defendant, authorized persons acted

-27-

1   despicably in willful and conscious disregard of the rights and safety of others, including

2   Plaintiff.  These persons engaged in the above reference conduct, including by not limited

3   to each Defendant's conscious suppression of the dangers of asbestos, each Defendant's

4   failure to warn of the dangers, and each Defendant's decision to continue to create an

5   unsafe premises by so doing.

6        70.    The information concerning the health risks of asbestos, and described

7   above, was in the possession of each corporate Defendant and the structure of each

8   Defendant permitted that information to, in fact, move upward to the point were corporate

9   policy was formulated.  It became the corporate policy of each Defendant to consciously

10  suppress the dangers of their asbestos and fail to warn of the dangers of asbestos for the

11  purpose of maximizing their own profits.  It was the corporate policy of each Defendant to

12  choose profit over consumer and worker safety.

13        71.    The above-referenced conduct of said Premises Owner/Contractor Liability

14  Defendants, their "Alternate Entities," and each of them, was and is willful, malicious,

15  outrageous and/or in conscious disregard and indifference to the rights and safety of users

16  of said asbestos and asbestos containing products, including Plaintiff DENNIS

17  HELLERVIK. Premises Owner/Contractor Liability Defendants, their "Alternate Entities,"

18  and each of them, are guilty of oppression, fraud, or malice and engaged in conduct which

19  was intended by the Defendants to cause injury to the Plaintiff or conduct which was

20  carried on by the Defendants with a willful and conscious disregard of the rights and safety

21  of others. Premises Owner/Contractor Liability Defendants, their "Alternate Entities," and

22  each of them, subjected Plaintiff to cruel and unjust hardship in conscious disregard of

23  their rights and engaged in intentional misrepresentation, deceit, or concealment of a

24  material fact known to the Defendants with the intention on the part of the Defendants of

25  thereby depriving Plaintiff of property or legal rights or otherwise causing injury. Plaintiff

26  therefore, for the sake of example and by way of punishing Defendants, seek punitive

27  damages, according to proof.

28                          **FOURTH CAUSE OF ACTION**

-28-

(Loss of Consortium)

(As Against All Defendants)

72.    Plaintiffs are informed and believe  hereby incorporate by reference, as though fully set forth herein, each and every allegation contained in each of the paragraphs above.

73.    Plaintiffs are informed and believe  were married at all times relevant to this action; they were, and are now, husband and wife.

74.    Prior to Plaintiff DENNIS HELLERVIK'S injuries as alleged, Plaintiff DENNIS HELLERVIK was able and did perform duties as a spouse. Subsequent to the injuries and as a proximate result thereof, Plaintiff DENNIS HELLERVIK has been unable to perform the necessary duties as a spouse and the work and service usually performed in the care, maintenance and management of the family home, and Plaintiff will be unable to perform such work, service and duties in the future. As a proximate result thereof, Plaintiff's spouse Marciana Pierson has been permanently deprived and will be deprived of the consortium of her spouse, including the performance of duties, all to her damages, in an amount presently unknown to Plaintiffs are informed and believe  but which will be proved at the time of trial.

75.    Further, as a direct and proximate result of the acts of Defendants, their "Alternate Entities," and each of them, and the severe injuries caused thereby to Plaintiff DENNIS HELLERVIK as set forth in this complaint, Plaintiff's spouse THO HELLERVIK has suffered, and for a long period of time will continue to suffer loss of consortium, including but not by way of limitation, loss of services, marital relations, society, comfort, companionship, love and affection of said spouse, and has suffered severe mental and emotional distress as general nervousness as a result thereof.

76.    Discovery of the cause of Plaintiff's spouse THO HELLERVIK's loss of consortium, as herein alleged, first occurred within one year of the date this complaint was filed.

-29-

1    WHEREFORE, Plaintiffs are informed and believe pray judgment against

2   Defendants, and each of them, in an amount to be proven at trial in each individual case,

3   as follows:

4       1. General damages, according to proof;

5       2. Damages for medical and related expenses, according to proof;

6       3. Damages for loss of earning capacity, according to proof;

7       4. Damages for loss of earnings, according to proof;

8       5. Damages for Plaintiffs are informed and believe ' other economic losses,

9   according to proof;

10      6. Exemplary or punitive damages, according to proof;

11      7. Plaintiff's spouse's damages for loss of consortium, according to proof;

12      8. Prejudgment interest, according to proof;

13      9. Costs of suit incurred herein; and

14      10. Such other and further relief as this Court may deem just and proper, including

15  costs and prejudgment interest as provided in C.C.P. §998, C.C.P. §1032 and related

16  provisions of law.

17

18

19

20  DATED: December 9, 2011            DEBLASE BROWN EYERLY LLP

21

22

23                                  By: _____
                                        Eric Brown
24                                      Attorneys for Plaintiff

25

26

27

28

ORIGINAL COMPLAINT [ASBESTOS PERSONAL INJURY]

1        WHEREFORE, Plaitniffs are informed and believe  pray judgment against

2   Defendants, and each of them, in an amount to be proven at trial in each individual case,

3   as follows:

4        1. General damages, according to proof;

5        2. Damages for medical and related expenses, according to proof;

6        3. Damages for loss of earning capacity, according to proof;

7        4. Damages for loss of earnings, according to proof;

8        5. Damages for Plaitniffs are informed and believe ' other economic losses,

9   according to proof;

10       6. Exemplary or punitive damages, according to proof;

11       7. Plaintiff's spouse's damages for loss of consortium, according to proof;

12       8. Prejudgment interest, according to proof;

13       9. Costs of suit incurred herein; and

14       10. Such other and further relief as this Court may deem just and proper, including

15   costs and prejudgment interest as provided in C.C.P. §998, C.C.P. §1032 and related

16   provisions of law.

17

18

19

20   DATED: December 9, 2011              DEBLASE BROWN EYERLY LLP

21

22

23                                       By: _____
                                             Eric Brown
24                                           Attorneys for Plaintiff

25

26

27

28

ORIGINAL COMPLAINT [ASBESTOS PERSONAL INJURY]

L.A.S.C. - FILINGS #32
111 N. HILL STREET
LOS ANGELES CA 90012

DATE PAID: 12/09/11  03:34:33 PM
RECEIPT #:  CCH465980102

CIT/CASE: BC474978 LEA/DEF#:

PAYMENT: $395.00          G310
RECEIVED:
        CHECK:    395.00
        CASH:
        CHANGE:
        CARD:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

BC 474978

Case Number _____

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | | Hon. Holly E. Kendig | 42 | 416 | |
| Hon. J. Stephen Czuleger | 3 | 224 | | Hon. Mel Red Recana | 45 | 529 | |
| Hon. Luis A. Lavin | 13 | 630 | | Hon. Debre Katz Weintraub | 47 | 507 | |
| Hon. Terry A. Green | 14 | 300 | | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Deirde Hill | 49 | 509 | |
| Hon. Rita Miller | 16 | 306 | | Hon. John L. Segal | 50 | 508 | |
| Hon. Richard E. Rico | 17 | 309 | | Hon. Abraham Khan | 51 | 511 | |
| Hon. Rex Heeseman | 19 | 311 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Kevin C. Brazile | 20 | 310 | | Hon. Steven J. Kleifield | 53 | 513 | |
| Hon. Zaven V. Sinanian | 23 | 315 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Mary Ann Murphy | 25 | 317 | | Hon. Michael Johnson | 56 | 514 | |
| Hon. James R. Dunn | 26 | 316 | | Hon. Ralph W. Dau | 57 | 517 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Barbara Scheper | 30 | 400 | | Hon. David L. Minning | 61 | 632 | |
| Hon. Alan S. Rosenfield | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | | Hon. Kenneth R. Freeman | 64 | 601 | |
| Hon. Charles F. Palmer | 33 | 409 | | Hon. Mark Mooney | 68 | 617 | |
| Hon. Amy D. Hogue | 34 | 408 | | Hon. Ramona See | 69 | 621 | |
| Hon. Daniel Buckley | 35 | 411 | | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Joanne O'Donnell | 37 | 413 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. William F. Fahey | 78 | 730 | |
| Hon. Michael C. Solner | 39 | 415 | | **Hon. Emilie H. Elias*** | **324** | **CCW** | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | Other | | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | | | |

*Class Actions
All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____      JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 04/10)
LASC Approved 05-06

**NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE**

Page 1 of 2

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

COMPLAINTS: All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

CROSS-COMPLAINTS: Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts.  These matters may be heard and resolved at this conference.  At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules.  Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

# LOS ANGELES SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]

The plaintiff shall serve a copy of this information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate**
> Mediation may be particularly useful when parties have a relationship they want to preserve, for example, a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate**
> Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate**
> Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate**
> If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate**
> Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

> **Cases for Which Neutral Evaluation May Not Be Appropriate**
> Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 07/08) (*Pending Approval*)
LASC Approval 10-03

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- Civil Action Mediation (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- Retired Judge Settlement Conference
- Neutral Evaluation (Governed by Los Angeles Superior Court Rules, chapter 12.)
- Judicial Arbitration (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- Eminent Domain Mediation (Governed by Code of Civil Procedure section 1250.420.)
- Civil Harassment Mediation
- Small Claims Mediation

FAMILY LAW (non-custody):
- Mediation
- Forensic Certified Public Accountant (CPA) Settlement Conference
- Settlement Conference
- Nonbinding Arbitration (Governed by Family Code section 2554.)

PROBATE:
- Mediation
- Settlement Conference

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Pay Panel or may hire someone privately, at their discretion. If the parties utilize the Pro Bono Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

Party Pay Panel — The Party Pay Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

Pro Bono Panel — The Pro Bono Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Pay Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all pro bono volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

Private Neutral — The market rate for private neutrals can range from $300-$1,000 per hour.

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3892 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-8019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

For additional information, visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

Partially Funded by the Los Angeles County Dispute Resolution Program

LAADR 005 (Rev. 07/08) (Pending Approval)
LASC Approval 10-03

**Superior Court of California, County of Los Angeles**

JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK    ALTERNATIVE DISPUTE RESOLUTION (ADR)

### ADR CASE REFERRAL INTAKE

*(Please type or print clearly)*

CASE INFORMATION

| | | |
|---|---|---|
| **Case Number:** | **Courthouse:** | **Dept.:** |

**Case Name:**

**Litigation Type:** ☐ Civil  ☐ Family Law  ☐ Probate  ☐ Other (specify): _____

**ADR Process:** ☐ MEDIATION  ☐ ARBITRATION  ☐ NEUTRAL EVALUATION  ☐ SETTLEMENT CONFERENCE

| **Case Type: See Page 2** | **ADR Completion Date:** |
|---|---|

**Amount in Dispute:**

Plaintiff/Petitioner or attorney:
☐ $0-$25,000    ☐ $50,000-$100,000    ☐ $250,000-$500,000    ☐ $750,000-$1,000,000
☐ $25,000-$50,000    ☐ $100,000-$250,000    ☐ $500,000-$750,000    ☐ Over $1,000,000

Defendant/Respondent or attorney:
☐ $0-$25,000    ☐ $50,000-$100,000    ☐ $250,000-$500,000    ☐ $750,000-$1,000,000
☐ $25,000-$50,000    ☐ $100,000-$250,000    ☐ $500,000-$750,000    ☐ Over $1,000,000

**Party Pay Panel:**
☐ The parties select the following Neutrals in order of preference from the Court ADR Party Pay Panel and acknowledge they are undertaking a financial commitment in selecting a Party Pay Panel Neutral.

1) NAME: _____    NEUTRAL NO.: _____

2) NAME: _____    NEUTRAL NO.: _____

(signature of plaintiff/petitioner or attorney)    (signature of defendant/respondent or attorney)
☐ ADDITIONAL SIGNATURES LISTED ON ATTACHED PAGE

**Pro Bono Panel:**
☐ The parties understand that a Neutral from the Court ADR Pro Bono Panel will be assigned on a random basis (civil mediation and arbitration only).

NAME OF ASSIGNED NEUTRAL: _____    NEUTRAL NO.: _____

PARTIES

| | |
|---|---|
| ATTORNEY NAME: | ATTORNEY NAME: |
| FIRM: | FIRM: |
| ADDRESS: | ADDRESS: |
| CITY:        STATE:    ZIP: | CITY:        STATE:    ZIP: |
| PHONE: (    )        FAX: (    ) | PHONE: (    )        FAX: (    ) |
| E-MAIL: | E-MAIL: |
| ATTORNEY FOR: | ATTORNEY FOR: |
| (party name)        (party type) | (party name)        (party type) |
| ATTORNEY NAME: | ATTORNEY NAME: |
| FIRM: | FIRM: |
| ADDRESS: | ADDRESS: |
| CITY:        STATE:    ZIP: | CITY:        STATE:    ZIP: |
| PHONE: (    )        FAX: (    ) | PHONE: (    )        FAX: (    ) |
| E-MAIL: | E-MAIL: |
| ATTORNEY FOR: | ATTORNEY FOR: |
| (party name)        (party type) | (party name)        (party type) |

☐ ADDITIONAL PARTIES LISTED ON PAGE THREE

FOR COURT USE ONLY

ADR 039 (Rev. 07/03) (Pending Approval)
Approval 10-04

Page 1 of 3

## ADR CASE REFERRAL INTAKE
### (continued)

| Case Name: | Case Number |
|---|---|

### CASE SELECTION CRITERIA

| | CASE TYPE |
|---|---|
| ☐ | Antitrust/Trade Regulation |
| ☐ | Auto Tort – Personal Injury/Property Damage/Wrongful Death (PI/PD/WD) |
| ☐ | Auto Tort – Uninsured Motorist - PI/PD/WD |
| ☐ | Civil Harassment |
| ☐ | Construction Defect |
| ☐ | Contract – Breach of Rental/Lease Contract (not insurance, UD, or wrongful eviction) |
| ☐ | Contract – Collections |
| ☐ | Contract – Contract/Warranty Breach – Seller Plaintiff (not insurance, fraud, or negligence) |
| ☐ | Contract – Contractual Fraud |
| ☐ | Contract – Insurance Coverage/Subrogation |
| ☐ | Contract – Negligent Breach of Contract/Warranty (not insurance or fraud) |
| ☐ | Contract – Other Breach of Contract/Warranty (not insurance, fraud, or negligence) |
| ☐ | Contract – Tortious Interference |
| ☐ | Declaratory Relief Only |
| ☐ | Elder/Dependent Adult Abuse |
| ☐ | Employment – Labor Commissioner Appeals |
| ☐ | Employment – Other (not wrongful termination or labor commissioner appeal) |
| ☐ | Employment – Wrongful Termination |
| | Family |
| ☐ | Injunctive Relief Only (not domestic harassment) |
| ☐ | Non-PI/PD/WD Tort – Business/Commercial Tort (not fraud or breach of contract) |
| ☐ | Non-PI/PD/WD Tort – Civil Rights (e.g., discrimination, false arrest) |
| ☐ | Non-PI/PD/WD Tort – Defamation (e.g., slander, libel) |
| ☐ | Non-PI/PD/WD Tort – Fraud (no contract) |
| ☐ | Non-PI/PD/WD Tort – Intellectual Property |
| ☐ | Non-PI/PD/WD Tort – Legal Malpractice |
| ☐ | Other PI/PD/WD Tort – Asbestos |
| ☐ | Other PI/PD/WD Tort – Intentional (e.g., assault, vandalism, etc.) |
| ☐ | Other PI/PD/WD Tort – Intentional Infliction of Emotional Distress |
| ☐ | Other PI/PD/WD Tort – Medical Malpractice |
| ☐ | Other PI/PD/WD Tort – Premises Liability |
| ☐ | Other PI/PD/WD Tort – Product Liability (not asbestos, toxic/environmental) |
| ☐ | Partnership & Corporate Governance |
| | Probate |
| ☐ | Real Property - Eminent Domain/Condemnation |
| ☐ | Real Property - Mortgage Foreclosure |
| ☐ | Real Property - Quiet Title |
| ☐ | Real Property - Wrongful Eviction |
| ☐ | Real Property - Other |
| ☐ | Securities |
| ☐ | Toxic Tort/Environmental |
| ☐ | Workplace Harassment |
| ☐ | Writ of Mandate |

Do you need a neutral who accepts cases on short notice? ☐ Yes   ☐ No

Jurisdiction Type:   ☐ Unlimited   ☐ Limited

Language ability needed other than English: _____

ADA Accommodations
☐ Accessible parking            ☐ Accessible entrance
☐ Accessible elevators          ☐ Accessible restrooms
☐ Accessible public phones      ☐ Accessible listening devices
☐ Accessible tables/counters    ☐ Other (specify): _____

Location:  Zip Code: _____   City: _____

## ADR CASE REFERRAL INTAKE
(continued)

*(This Form Must Be Completed In Detail)*

| Case Name: | Case Number: |
|---|---|

### ADDITIONAL PARTIES

| | |
|---|---|
| ATTORNEY NAME: | ATTORNEY NAME: |
| FIRM: | FIRM: |
| ADDRESS: | ADDRESS: |
| CITY:             STATE:     ZIP: | CITY:             STATE:     ZIP: |
| PHONE: (     )          FAX: (     ) | PHONE: (     )          FAX: (     ) |
| E-MAIL: | E-MAIL: |
| ATTORNEY FOR: | ATTORNEY FOR: |
| (party name)          (party type) | (party name)          (party type) |
| ATTORNEY NAME: | ATTORNEY NAME: |
| FIRM: | FIRM: |
| ADDRESS: | ADDRESS: |
| CITY:             STATE:     ZIP: | CITY:             STATE:     ZIP: |
| PHONE: (     )          FAX: (     ) | PHONE: (     )          FAX: (     ) |
| E-MAIL: | E-MAIL: |
| ATTORNEY FOR: | ATTORNEY FOR: |
| (party name)          (party type) | (party name)          (party type) |
| ATTORNEY NAME: | ATTORNEY NAME: |
| FIRM: | FIRM: |
| ADDRESS: | ADDRESS: |
| CITY:             STATE:     ZIP: | CITY:             STATE:     ZIP: |
| PHONE: (     )          FAX: (     ) | PHONE: (     )          FAX: (     ) |
| E-MAIL: | E-MAIL: |
| ATTORNEY FOR: | ATTORNEY FOR: |
| (party name)          (party type) | (party name)          (party type) |
| ATTORNEY NAME: | ATTORNEY NAME: |
| FIRM: | FIRM: |
| ADDRESS: | ADDRESS: |
| CITY:             STATE:     ZIP: | CITY:             STATE:     ZIP: |
| PHONE: (     )          FAX: (     ) | PHONE: (     ).         FAX: (     ) |
| E-MAIL: | E-MAIL: |
| ATTORNEY FOR: | ATTORNEY FOR: |
| (party name)          (party type) | (party name)          (party type) |

**To obtain additional case Information, visit Case Summaries at www.lasuperiorcourt.org**

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ Mediation

☐ Non-Binding Arbitration

☐ Binding Arbitration

☐ Early Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process *(describe):* _____

Dated: _____

| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Additional signature(s) on reverse

LAADR 001 10-04
LASC Approved
(Rev. 01-07)

STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)

Cal. Rules of Court, rule 3.221
Page 1 of 2

| Short Title | Case Number |
|---|---|
| | |

| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

**STIPULATION TO PARTICIPATE IN<br>ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221<br>Page 2 of 2

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**

**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation.  (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core."  In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case.  Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
        (INSERT DATE)                                           (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                                 (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                                 (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                                 (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                                 (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                                 (ATTORNEY FOR _____)

Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                                 (ATTORNEY FOR _____)

Date:

_____          ➤ _____
        (TYPE OR PRINT NAME)                                 (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

     iii.    Be filed within two (2) court days of receipt of the Request; and

     iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:
_____
(TYPE OR PRINT NAME)
➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:
_____
(TYPE OR PRINT NAME)
➤ _____
(ATTORNEY FOR DEFENDANT)

Date:
_____
(TYPE OR PRINT NAME)
➤ _____
(ATTORNEY FOR DEFENDANT)

Date:
_____
(TYPE OR PRINT NAME)
➤ _____
(ATTORNEY FOR DEFENDANT)

Date:
_____
(TYPE OR PRINT NAME)
➤ _____
(ATTORNEY FOR _____)

Date:
_____
(TYPE OR PRINT NAME)
➤ _____
(ATTORNEY FOR _____)

Date:
_____
(TYPE OR PRINT NAME)
➤ _____
(ATTORNEY FOR _____)

LACIV 036 (new)                **STIPULATION – DISCOVERY RESOLUTION**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):<br>**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**<br>COURTHOUSE ADDRESS:<br>PLAINTIFF:<br>DEFENDANT: | FAX NO. (Optional): | |
| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: | |

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date: _____

_____          ➤   _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR PLAINTIFF)

Date: _____

_____          ➤   _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ➤   _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ➤   _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ➤   (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date: _____

_____          ➤   (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date: _____

_____          ➤   (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

## THE COURT SO ORDERS.

Date: _____          _____
                                                              JUDICIAL OFFICER

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1.  This document relates to:
    - ☐ Request for Informal Discovery Conference
    - ☐ Answer to Request for Informal Discovery Conference
2.  Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3.  Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4.  **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

1   Michael C. Eyerly (178693)
    DEBLASE BROWN EYERLY LLP
2   10990 Wilshire Boulevard, Suite 1060
    Los Angeles, California 90024
3   Telephone: (310) 575-9955
    Facsimile: (310) 575-9919
4
    Attorneys for Plaintiffs
5

6

7

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF LOS ANGELES – CIVIL CENTRAL WEST

10

11  Coordinated Proceeding              )   JCCP CASE NO: 4674
    Special Title (Rule 3.550)          )
12                                      )   [Assigned to Hon. Emilie H. Elias]
    **LAOSD ASBESTOS CASES**            )   Dept. 324
13                                      )

14                                      )   LASC Case No. BC 474978
                                        )
15  This Document Relates to:           )   **NOTICE OF STATUS CONFERENCE**
                                        )
16  DENNIS HELLERVICK, et al.,          )   Date: February 23, 2012
                                        )   Time: 1:45 p.m.
17            Plaintiffs,               )   Dept.: 324
         vs.                            )
18                                      )
    3M COMPANY, et al.,                 )
19                                      )   Complaint Filed: DECEMBER 9, 2011
            Defendants.                 )   Trial Date: None set
20                                      )

21

22  TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

23

24       PLEASE TAKE NOTICE that the Court ordered a status conference be set for

25  **February 23, 2012 at 1:45 p.m.** in Dept. 324.

26  DATED: December 16, 2011              DEBLASE BROWN EYERLY LLP

27

28
                                         Michael Eyerly
                                         -1-
                              NOTICE OF STATUS CONFERENCE

1

## **PROOF OF SERVICE**

2        I, Nicole M. Tavis, declare:

3        I am a citizen of the United States and employed in Alameda County, California. I am

4    over the age of eighteen years and not a party to the within-entitled action. My business address

5    is 1999 Harrison Street, Suite 1800, Oakland, California 94612-3520.

6        On date listed below, I served a copy of the within document(s):

7    •    **NOTICE OF FILING NOTICE OF REMOVAL OF CIVIL ACTION TO
         UNITED STATES DISTRICT COURT**
8

9            by transmitting via facsimile the document(s) listed above to the fax number(s) set
             forth below on this date before 5:00 p.m.
10

11           by placing the document(s) listed above in a sealed envelope with postage thereon
             fully prepaid, the United States mail at Oakland, California addressed as set forth
             below.
12

**X**           by placing the document(s) listed above in a sealed <u>Golden State Overnight</u>
13           envelope and affixing a pre-paid air bill, and causing the envelope to be delivered
             to a <u>Golden State Overnight</u> agent for delivery.
14

15           by personally delivering the document(s) listed above to the person(s) at the
             address(es) set forth below.
16

17           by transmitting via e-mail or electronic transmission the document(s) listed above
             to the person(s) at the e-mail address(es) set forth below.

18   Eric Brown, Esq.                        Attorneys for Plaintiffs
     Michael C. Eyerly, Esq.                 DENNIS HELLERVIK and
19   Stephen T. Blackburn, Esq.              THO HELLERVIK
     DEBLASE BROWN EYERLY LLP
20   10990 Wilshire Boulevard, Suite 1060
     Los Angeles, CA 90024
21   Tel: (310) 575-9955
     Fax: (310) 575-9910
22

23

## **SEE ATTACHED SERVICE LIST OF DEFENDANTS SERVED**
24

25       I am readily familiar with the firm's practice of collection and processing correspondence

26   for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same

27   day with postage thereon fully prepaid in the ordinary course of business. I am aware that on

28



**NOTICE OF FILING NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT
COURT**

1   motion of the party served, service is presumed invalid if postal cancellation date or postage

2   meter date is more than one day after date of deposit for mailing in affidavit.

3        I declare under penalty of perjury under the laws of the State of California that the above

4   is true and correct.

5        Executed on January 20, 2012, at Oakland, California.

6

7                                    Nicole M. Tavis

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1999 HARRISON STREET,
SUITE 1800
OAKLAND, CALIFORNIA
94612-3320

- 4 -

**NOTICE OF FILING NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

## SERVICE LIST

| | |
|---|---|
| CRAIG S. BARNES (State Bar No.122999)<br>STEVEN D. DI SAIA (State Bar No.158119)<br>ROBERT KUM (State Bar No.185530)<br>**SEDGWICK LLP**<br>80 I South Figueroa Street, 19th Floor<br>Los Angeles, CA 90017-5556<br>Telephone: 213.426.6900<br>Facsimile: 213.426.6921 | Attorneys for Defendant<br>PARKER HANNIFIN CORPORATION (sued individually and as successor in interest to Sacomo Sierra Company) |
| WILLIAM J. SAYERS (SBN 078038)<br>FARAH S. NICOL (SBN 162293)<br>BRADFORD J. DEJARDIN (SBN 195764)<br>VANESSA TICAS (SBN 273342)<br>**MCKENNA LONG & ALDRIDGE LLP**<br>300 South Grand Avenue, 14th Floor<br>Los Angeles, CA 90071-3124<br>Telephone: (213) 688-1000<br>Facsimile: (213) 243-6330 | Attorneys for Defendant<br>METALCLAD INSULATION CORPORATION |
| JENNIFER JUDIN (SBN 256973)<br>JOANNA L. MACQUEEN (SBN 161281)<br>**DEHAY & ELLISTON LLP**<br>707 Wilshire Boulevard, Suite 4300<br>Los Angeles, CA 90017<br>Telephone: (213) 271-2727<br>Facsimile: (213) 271-2730 | Attorneys for Defendant<br>KAISER GYPSUM COMPANY, INC. |

BROWN
EASSA

1999 HARRISON STREET,
SUITE 1800
OAKLAND, CALIFORNIA
94612-3520

- 5 -

**NOTICE OF FILING NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**