UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-522 CAS (SHx) | Date | February 10, 2012 |
|---|---|---|---|
| Title | *DENNIS HELLERVIK, ET AL. V. 3M COMPANY, ET AL.* | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine M. Jeang | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers:) ORDER TO SHOW CAUSE FOR FAILURE TO OBTAIN APPROVAL FOR § 1442(a)(1) REMOVAL AS A FEDERAL GOVERNMENT CONTRACTOR**

## I.   INTRODUCTION

On December 9, 2011, plaintiffs Dennis and Tho Hellervik ("plaintiffs") filed the instant action in Los Angeles County Superior Court against Phelps Dodge Industries, Inc. ("Phelps Dodge," erroneously sued as "Phelps Dodge Corporation a/k/a Phelps Dodge Industries, Inc., a/k/a Phelps Dodge Wire & Cable") and various other defendants for (1) negligence, (2) products liability, (3) premises owner/contractor liability, and (4) loss of consortium in connection with Dennis Hellervik's alleged exposure to asbestos-containing products including while he was as an electrician for the U.S. Navy.

On January 19, 2012, Phelps Dodge removed the instant action pursuant to 28 U.S.C. § 1442(a)(1) as an action against "a person acting under color of an officer or agency of the United States." See Dkt. No. 1.

## II.   DISCUSSION

"The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1393 (9th Cir. 1988). When a defendant that is not a federal officer seeks removal pursuant to 28 U.S.C. § 1442(a)(1), the defendant must satisfy a three-pronged test. Isaacson v. Dow Chemical Co., 517 F.3d 129, 135 (2d Cir. 2008). First, the defendant must satisfy it is a "person" within the meaning of the statute, acting under a federal officer. Id. This requires there be a "special relationship" between the private entity and federal government, such as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-522 CAS (SHx) | Date | February 10, 2012 |
|---|---|---|---|
| Title | *DENNIS HELLERVIK, ET AL. V. 3M COMPANY, ET AL.* | | |

"close supervision of the private entity." Id. at 137.  Second, the defendant must show that the action for which it is being sued was done under color of federal office, meaning while the defendant was performing its official duties.  Id. at 137–38.  Finally, it must raise a colorable federal defense, one that is "defensive and based in federal law."  Id. at 138 (citing Mesa v. California, 489 U.S. 121, 132–34 (1989) (internal quotations omitted)).

Here, Phelps Dodge has not met its burden of establishing federal jurisdiction. Although Phelps Dodge contends that the products alleged to have caused plaintiffs' injuries were sold under a federal contract, see Dkt. No. 1 ¶ 5, Phelps Dodge has not alleged sufficient facts showing a "special relationship."  The contention that the cable at issue was manufactured in accordance with "marking and labeling specifications" under the contract is not by itself sufficient to give rise to a "special relationship."  Isaacson, 517 F.3d at 137.  Furthermore, Phelps Dodge has not met its burden of showing that the asbestos exposure for which it is being sued necessarily occurred as a result of Navy contract specifications.  Accordingly, defendants are hereby ORDERED to SHOW CAUSE within **twenty (20) days**, why the instant action should not be remanded for lack of jurisdiction pursuant to 28 U.S.C. § 1442(a)(1).

IT IS SO ORDERED.

:

Initials of Preparer        SMOM